UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Cathleen D. Parker

| | | |
|---|---|---|
| **In re:** | ) | |
| **ROBERT JOSEPH BOWERS,** | ) | Case No.: 17-15526-CDP |
| **SSN: XXX-XX-5265,** | ) | |
| | ) | Chapter 7 |
| **Debtor.** | ) | |

**MOTION FOR AUTHORIZATION TO CONDUCT EXAMINATIONS AND TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004, 9016, L.B.R. 2004-1 AND FED. R. CIV. P. 45**

BDG International, Inc. ("BDG"), by and through their counsel Harvey L. Kramer of Kramer Law LLC, hereby submits its Motion for Authorization to Conduct Examinations and to Compel Production of Documents pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2004-1 and Fed. R. Civ. P. 45 as follows.

1. Robert J. Bowers ("Bob Bowers") filed his Chapter 7 Bankruptcy Petition on June 14, 2017.

2. BDG holds a judgment in the amount of $214,187.11 against Bob Bowers and Auxiliary Graphic Equipment, Inc. ("Auxiliary") entered on July 20, 2011 in El Paso District Court Case No. 10CV1704 ("Judgment"). No payments have been made on the Judgment. Likewise, Bob Bowers is indebted to other creditors for an additional $300,000. These debts were all incurred prior to September 2012.

3. Prior to entry of Judgment, Bob Bowers and Judith Bowers constructed a residence at 1439 County Road 111, Florissant, Colorado 80816 ("Residence"). They financed construction through a jointly executed Note and Deed to Park State Bank & Trust in the original principal amount of $741,000. The monthly payment is approximately $4,200 and the loan is not in default.

4. On March 10, 2013, Bob Bowers quit claimed the Residence to his then wife, Judith Bowers. He continued to live at the Residence. He was insolvent. There appears to be no valid consideration for the transfer.

5. Bob Bowers specializes in selling and brokering the sale of high end printing presses and at various times has conducted business through Auxiliary Graphics, Inc., Skyline Graphics Services, LLC, Hall Contracting Services, Inc., and JEB Holdings, LLC

6. After entry of the Judgment, Bob Bowers continued to sell and broker printing

presses through JEB Holdings ("JEB") and Hall Contracting Services, Inc. ("HCS"), but made Judith Bowers the alleged owner. By doing so, Bob Bowers generated, controlled and benefitted from income outside the reach of creditors. See In Re Mclean, 498 B.R. 525 (Bankr. D. Md. 2013) (holding for avoidance and liability for the fraudulent transfer of income through shell entity scheme using spouse).

7. As observed by the family's accountant: **"Bob does all the work but not an owner and no W-2. Advised to pay him for 2014!"** See Notes, attached as "Exhibit 1." Judith Bowers has admitted she has "no expertise in selling or brokering high end printing presses." See Answer to Amended Complaint, at ¶ 7, Teller District Court Case No. 16CV (March 9, 2017) ("Fraudulent Transfer Action").

8. Bob Bowers signed contracts as "President" for JEB completed using HCS Equipment and employees. See Contracts, attached as "Exhibit 2" (including reference to HCS). Based upon information provide by Richard Palmer, a minority shareholder of HCS, Bob Bowers stole the ownership of HCS, put the stock in his wife's name, and liquidated millions in assets, and completed contracts with HCS equipment and employees. At the same time, minority shareholders receiving nothing.

9. The Verified Complaint filed by the minority shareholders of Hall Contracting Services, Inc., on October 30, 2013, and related documents ("HCS Complaint") establishes that Bob Bowers retained ownership and control over HCS. See HCS Complaint, attached as "Exhibit 3."

10. The HCS Complaint makes the following allegations under oath regarding Bob Bowers' ownership and control of HCS.

- As of January 1, 2007, Bob Bowers owned 31.481% of Hall Contracting. See HCS Complaint, at ¶ 9, attached as "Exhibit 3."
- On July 30, 2012, fellow shareholder "MacKenzie admitted ….there was a plan in discussion among Hall, [Bob Bowers] and MacKenzie (a) defendant Hall and McKenzie would sell their shares to Bowers (b) defendant Bowers would take control of HCS; (c) defendant Bowers would use HCS' assets and/or credit line to pay defendant Hall and MacKenzie for their shares, and (d) Bowers would then liquidated HCS." See HCS Complaint, at ¶ 25, attached as "Exhibit 3."
- "On September 17, 2012, defendant Bowers appeared at the offices of HCS and declared **that he had acquired the shares of the Corporation previously held by Hall and McKenzie and that he was now in control of the Corporation.**" See HSC Complaint, at ¶ 33 (emphasis added), attached as "Exhibit 3."
- On September 17, 2013, Bowers declared himself to be Chairman and CEO of HCS without holding a shareholder meeting. See HSC Complaint, at ¶ 33, attached as "Exhibit 3."

11. Bob Bowers continues to hold himself out to the public as the CEO and President of HCS. See Linkedin Profile (June 13, 2017), attached as "Exhibit 4."

2

12. Bob Bowers was a signatory on the HCS Bank Account signing checks on that account within a year of the Petition Date, and transferring funds to JEB for payment of his living expenses, and to otherwise control of his income outside the reach of creditors.

13. Bob Bowers, as President and CEO of HCS, managed and supervised tax filings. See Emails, attached as "Exhibit 5." In emails with the corporate and personal accountant, Bob Bowers acknowledged full payoff of his 2010 Mercedes, and the payment of his life insurance and car insurance through companies from which he received no income subject to attachment, and claimed no ownership. The 2010 Mercedes appears free and clear, and is not disclosed in the Bankruptcy Schedules. The accountant for Bob Bowers, Judith Bowers and the associated entities is Samantha Kelley.

14. With income generated from HCS and JEB, Bob Bowers paid for his 2010 Mercedes, two Dodge trucks titled in his name and financed with Public Service Credit Union, a $24,000 car gifted to his daughter, Samantha Bowers (cash purchase 2014), a $21,000 Harley Davidson for Judith Bowers (cash purchase August 2015), a $30,000 legal retainer for his son Joshua Bowers, trips to and payment for his Cabo San Lucas penthouse time share, his AMEX and Cabela's Visa Credit Cards, payment of insurance to State Farm for numerous vehicles, the debt secured by the Residence, and generally provided income for he, his wife and family. Bob Bowers paid his attorney, Professor Thomas Russel, from the JEB Chase Account. Mr. Russell attempted unsuccessfully to prevent post judgment discovery regarding the Judgment. The Cabo San Lucas penthouse timeshare is disclosed, but not value is provided in the Bankruptcy Schedules.

15. Alethea Chorey has a child named Rudy with Jason Bowers. Ms. Chorey has visited the Residence, and is estranged from Jason Bowers. During January 2017, she stated Bob Bowers oversaw and provided for the family's financial affairs. She was clear that behind closed doors, Bob Bowers acts like he is financially successful. In contrast, Bob Bowers' Statement of Financial Affairs and Schedules reveal no assets or appreciable income.

16. Bob Bowers' Statement of Financial Affairs and Bankruptcy Schedules do not provide disclosure regarding the HCS Litigation, or the liquidation, dissipation and distribution from the HCS business and liquidation, his signatory authority on the HCS bank account, or his position as CEO of HCS.

17. During November 2016, BDG served Judith Bowers with a Writ of Garnishment for Bob Bowers. Judith Bowers denied liability. BDG traversed the Answer. The Traverse was set for an evidentiary hearing on March 29, 2017. Subsequently, BDG served Judith Bowers' with Subpoenas for Production and to appear for depositions and for the Traverse Hearing. Judith Bowers never appeared for her deposition and has never appeared for examination under oath.

18. On November 16, 2016, BDG filed its Complaint against Judith Bowers for the fraudulent transfer of the Residence and regarding fraudulent transfers of Bob Bower's income.

3

Arthur Lindquist Kleissler, Esq. filed an Answer. Judith Bowers provided an Employment and Transfer Agreement claiming to have owed and paid Bob Bowers $200,000 for quit claiming the Residence. She also claimed that payments made on Bob Bower's AMEX for expenses of her alleged companies (JEB and HCS) and for commissions Bob Bowers earned for her companies somehow also paid off the $200,000. See Employment and Transfer Agreement, attached as "Exhibit 6." BDG supplemented its Traverse alleging entitlement to a judgment against Judith Bowers for the $200,000 owed to Bob Bowers, and that remained unpaid under the Employment and Transfer Agreement. The Bankruptcy filing prevented resolution of the pending Traverse.

19. On January 11, 2017, Judith Bowers filed a Petition for Dissolution of Marriage in Teller County District Court Case No. 17DR30001 ("Divorce Action"). The Petition alleged under oath that Judith and Bob Bowers ceased "to live together as husband and wife in 2012" and that Bob Bowers' address was "6224 Hidden Hickory Circle, Colorado Springs, CO 80927." See Petition, attached as "Exhibit 7."

20. On January 13, 2017, Bob Bowers executed a Waiver of Service for the Divorce Action before a notary claiming and put down 1439 CR 111 Florissant, CO 80816 as his address. The Waiver of Service was notarized in Teller County. See Waiver, attached as "Exhibit 8."

21. On January 31, 2017, undersigned and Judith Bowers' counsel submitted a joint proposed Case Management Order in the Fraudulent Transfer Action ("CMO").

22. At the Case Management Conference, the Court directed counsel to put together a hand-written List of Documents that undersigned contended constituted required disclosures. The List of Documents included: corporate governance documents, contracts, insurance policies, certificates of title for vehicles, tax returns and accounting records, and information related to the transfer of $50,000 from RSB Holdings, LLC ("RSB") to the LEGG Mason Account with Rudy Bowers, the beneficiary. Judith Bowers refused to disclose documents. Opposing counsel claimed the initial Complaint was not sufficiently detailed. He could not convince Judith Bowers to cooperate.

23. On February 16, 2017, BDG filed a Status Report and Amended Complaint. BDG documented its good faith attempt to make reasonable inquiry and continuing requests for disclosure and transparency.

24. The Amended Complaint alleged fraudulent transfers against Judith Bowers, and her children, and her grandchild Rudy Sky Bowers regarding the $50,000 transfer from RSB to a LEGG Mason Account, and regarding Bob Bower's interest in various entities in which he appears to retain an interest, including, but not limited to, Western Colorado Energy, LLC.

25. Western Colorado Energy, LLC ("WCE") appears to have owned mineral rights located in Colorado. Bob Bowers holds himself out as being part of WCE at its main office in Florissant, Colorado, and appears to have retained or still retains an interest in WCE. See Website Printout and Email dated January 27, 2016, attached as "Exhibit 9" ("I gave my parents part of my company in the past to help me. Since I own 100% now I pay them a consulting

4

fee"). No disclosure is made regarding Bob Bowers' relationship with WCE in the Statement of Financial Affairs or Schedules. Jason Bowers is the purported sole owner of WCE. WCE appears to have transferred all or substantially all of its assets to Rudy's Holding Company, LLC immediately after BDG served a Writ of Garnishment on WCE for Bob Bowers during November 2016.

26. On February 23 and 27, 2017, William H. Moller and Kristen R. Jones substituted as counsel and entered their appearance in the Judgment and Fraudulent Transfer Actions. On the eve of the Traverse Hearing (March 29, 2017), Kristen Jones informed undersigned that Judith Bowers was attending a funeral. By mutual consent, the parties rescheduled the Traverse Hearing for June 23, 2017. Then, William H. Moller and Kristen R. Jones immediately withdrew.

27. The Bowers finalized their Divorce During May 2017. Prior to filing for Bankruptcy, Bob Bowers refused to produce financial documents disclosed as part of the Divorce Action in response to Interrogatories served by BDG. Bob Bowers signed his Interrogatory Responses before a Notary in Teller County on June 1, 2017.

28. In his Statement of Financial Affairs and Bankruptcy Petition, Bob Bowers claims to have moved to 1501 Stover Street, Fort Collins, Colorado 80524 during January 2017 ("Stover Property"). The former or present tenant of the Stover Property is Jennifer Beshore.

29. On March 20, 2017, Bob Bowers transferred a 2005 Dodge Truck to Jason Bowers, as a "Gift." Public Service Credit Union was the former lienholder on the vehicle, and released its lien on May 29, 2013. See Certificate of Title, attached as "Exhibit 10." This transfer is not disclosed in the Statement of Financial Affairs.

30. On April 3, 2017, Bob Bowers transferred a 2006 Dodge Truck to Joshua Bowers, for $0. Public Service Credit Union was the former lienholder on the vehicle, and released its lien on May 29, 2013. See Certificate of Title, attached as "Exhibit 11." This transfer is not disclosed in the Statement of Financial Affairs

31. Based on information discovered by BDG, Judith Bowers does not have steady employment and has primarily paid her expenses from income generated by Bob Bowers, or through the liquidation of HCS. The Deed of Trust on the Residence with a monthly payment of approximately $4,200 is not in default, and the loan secured by the Stover Property appears current as well. At the same time, Bob Bowers shows little or no income, and has failed to disclose any specifics on the sources of his income. On information and belief, Bob and Judy Bowers continue to cooperate and work together to conceal funds for the payment of the loan secured by the Residence and payment of their living expenses. In the past, Bob and Judy Bowers have concealed and transferred funds through accounts with JP Morgan Chase Bank, N.A. and ENT Federal Credit Union.

32. On June 16, 2017, undersigned counsel, Judith and Bob Bowers appeared for a Case Management Conference. The Bowers' Children did not appear. Prior to the Conference,

5

the Teller County Sheriff served Bob Bowers with a Subpoena to appear at the continued Traverse Hearing and to produce documents. After the parties had discussed trial dates, Bob Bowers disclosed his Chapter 7 Bankruptcy. No explanation was given as to why notice of the Bankruptcy was not provided in advance of the hearing. With little or no income, it appears that Bob Bowers elected to drive three hours each way from Fort Collins to attend a hearing stayed by the Bankruptcy filing. On information and belief, Bob Bowers still resides at the Residence and the Divorce Action was filed to avoid the pending Fraudulent Transfer claims even though BDG had recorded a Lis Pendens on the Residence, and Judith Bowers is not a good faith transferee.

33. In order to accurately determine Bob Bowers' financial condition and investigate issues related to potential assets of the Bankruptcy Estate, and Bob Bowers' entitlement to discharge, BDG respectfully requests authorization to examine the following individuals and entities ("Deponents") and for authorization to issue subpoenas to compel Deponents to attend examinations and produce documents pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2004-1 and Fed. R. Civ. P. 45:

- Robert J. Bowers
- Judith Bowers
- Jason Bowers
- Joshua Bowers
- Samantha Bowers
- Jennifer Beshore
- Alethea Chorey
- Park State Bank and Trust
- Public Service Credit Union
- State Farm Insurance
- American Express
- Western Colorado Energy, LLC
- RSB Holdings, LLC
- Rudy's Holding Company, LLC

- JP Morgan Chase Bank, N.A.

- ENT Federal Credit Union

- Samantha Kelley

    WHEREFORE, BDG respectfully requests that this Court enter an Order authorizing the Trustee to examine the Deponents pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2004-1 and Fed. R. Civ. P. 45, and authorizing the Trustee to issue subpoenas to compel Deponents to attend depositions and produce documents pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2004-1 and Fed. R. Civ. P. 45.

    Dated this 10th day of August 2017.

KRAMER LAW LLC

/S/ Harvey L. Kramer
Harvey L. Kramer, Reg. No. 31239
4101 E. Louisiana Ave., Suite 501
Denver, CO 80246
Telephone: (303) 282-4342
Email: hkramer@kramlaw.com
Attorney for BDG International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2017, I sent the **MOTION FOR AUTHORIZATION TO CONDUCT EXAMINATIONS AND TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004, 9016, L.B.R. 2004-1 AND FED. R. CIV. P. 45** to the following via first-class U.S. Mail postage prepaid:

Robert Joseph Bowers
1501 Stover Street
Fort Collins, Colorado 80524

Sean Cloyes
1159 Delaware Street
Denver, CO 80204

Daniel A. Hepner
950 Spruce Street
Ste., 1C
Louisville, CO 80027

US Trustee
Byron G Rogers Federal Building
1961 Stout Street
Ste. 12-200
Denver, CO 80294

                                                                        /S/ Kelsey Hester
                                                                       Kelsey Hester