UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>ROBERT JOSEPH BOWERS,<br>SSN: XXX-XX-5265<br><br>Debtor. | Case No. 17-15526-CDP<br><br>Chapter 7 |

**EX PARTE MOTION FOR ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FED. R. BANKR. P. 2004**

Daniel A. Hepner, Chapter 7 Trustee ("Trustee"), through his undersigned counsel, hereby requests that the Court enter an Order pursuant to Fed. R. Bankr. P. 2004, a form of which is submitted herewith, authorizing Trustee to conduct discovery and examinations as described below, and in support, states as follows:

**PROCEDURAL BACKGROUND**

1.  On June 14, 2017 (the "Petition Date"), Robert Joseph Bowers ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition").

2.  Daniel A. Hepner is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy case.

3.  The meeting of creditors pursuant to 11 U.S.C. § 341 was conducted by Trustee on August 4, 2017, and concluded on that day.

**BDG INTERNATIONAL, INC.**

4.  On August 10, 2017, BDG International, Inc. ("BDG") filed its Motion for Authorization to Conduct Examinations and to Compel Production of Documents Pursuant to Fed. R. Bankr. P. 2004, 9016, L.B.R. 2004-1 and Fed. R. Civ. P. 45 (the "BDG 2004 Motion") [Docket No. 18]. Among other things, the BDG 2004 Motion describes a prepetition judgment obtained by BDG in 2011 and BDG's prepetition efforts to collect on such judgment, including the filing of a state court fraudulent conveyance action against Debtor, family members of Debtor, and entities formed by family members of Debtor in 2016.

5.  On August 18, 2017, the Court granted the BDG 2004 Motion (the "BDG 2004 Order").

6.  Subsequent to the meeting of creditors, Trustee obtained voluminous documents from BDG which relate to the Debtor's pre-petition financial affairs and transactions as well as the state court fraudulent conveyance action. Moreover, BDG continues to conduct discovery pursuant to the BDG 2004 Order. Trustee is attempting to coordinate his investigation with the

investigations of other creditors, including BDG, so that Debtor is not required to attend multiple 2004 examinations on the same issues or to produce duplicative documents to separate parties.

## THE DIVORCE

7. Debtor and Judith Bowers ("Ms. Bowers") were married on or about February 7, 1976.

8. On January 11, 2017, Ms. Bowers filed a Petition for Dissolution of Marriage in the Teller County District Court, Case No. 17DR30001. According to the Divorce Petition, Debtor and Ms. Bowers "ceased to live together as husband and wife in 2012."

9. On April 27, 2017, Debtor filed his Certificate of Compliance With Mandatory Financial Disclosures with the Teller County District Court and thereby certified that he provided certain financial information to Ms. Bowers, including the following:

   a. Sworn Financial Statement
   b. Income Tax Returns (most recent 3 years)
   c. Personal Debt (Loans, Title, Credit Card Statements, etc.)
   d. Investments
   e. Employment Benefits
   f. Retirement Plans
   g. Bank/Financial Institution Accounts
   h. Income Documentation (Pay Stubs, etc.)
   i. Insurance Documentation

10. On May 24, 2017, the Teller County District Court entered its Decree of Dissolution of Marriage and thereby dissolved Debtor and Ms. Bowers' marriage.

## THE FLORRISANT PROPERTY

11. On or around May 15, 2006, Debtor and Ms. Bowers jointly acquired the real property located at 1439 County Road 111, Florissant, Colorado (the "Florissant Property"), via Warranty Deed recorded with the Clerk & Recorder of Teller County, Colorado.

12. Pursuant to a Quit Claim Deed recorded in Teller County, Colorado, on March 18, 2013, the Florissant Property was conveyed by Debtor to Ms. Bowers.

13. On his Schedule D, Debtor listed a debt to Park State Bank & Trust secured by the Florissant Property and Debtor wrote, "Home at 1439 County Road 111, Florissant, CO - awarded to ex in divorce, QC by Petitioner in 2013 - $0.00."

## PREPETITION TRANSFERS TO DEBTOR'S CHILDREN

14. Trustee is informed and believes that Debtor has three children: Jason Bowers, Joshua Bowers and Samantha Bowers.

15. Trustee is informed and believes that Debtor transferred title to: (i) a 2005 Dodge Truck to Jason Bowers in March 2017 and (ii) a 2006 Dodge Truck to Joshua Bowers in April 2017. On information and belief, these transfers were made for no consideration and were not disclosed in Debtor's bankruptcy schedules.

16. In the BDG 2004 Motion, BDG alleges that Debtor "paid . . . $24,000 (for) car gifted to his daughter, Samantha Bowers (cash purchase 2014) . . . ."

## ENTITIES

17. On Schedule A/B, Debtor disclosed a 100% ownership interest in Auxiliary Graphic Equipment Inc. ("AGE") and a 33% ownership interest in Skyline Graphic Services LLC ("Skyline"). On his Petition, Debtor disclosed that he has conducted business under the name "FODS Auxiliary Graphic Equipment Inc."

18. According to records from the Colorado Secretary of State, Debtor filed articles of incorporation for AGE on April 4, 2000. On February 4, 2015, Debtor filed articles of dissolution for AGE with the Colorado Secretary of State.

19. According to records from the Colorado Secretary of State, on December 31, 2008, Debtor filed articles of organization for Skyline. On July 10, 2012, Ms. Bowers filed a statement of dissolution for Skyline with the Colorado Secretary of State.

20. On information and belief, Debtor owns, controls, manages or has involvement with various other entities, including but not limited to JEB Holdings, LLC ("JEB"), Casa del Toro Cattle Company, LLC ("Casa"), RSB Holdings, LLC ("RSB"), Western Colorado Energy LLC ("WCE") and Hall Contracting Services, Inc. ("HCS").

21. According to records from the Colorado Secretary of State, on March 30, 2012, Ms. Bowers filed articles of organization for JEB. The principal place of business for JEB was the Florissant Property address. Ms. Bowers was the registered agent for JEB. On August 1, 2017, Ms. Bowers filed a statement of dissolution for JEB with the Colorado Secretary of State.

22. On information and belief, Debtor represented to third parties that he was an officer of JEB on multiple occasions. For example, on November 26, 2014, and again on December 15, 2014, Debtor executed contracts, as president of JEB.

23. According to records from the Colorado Secretary of State, on July 21, 2009, Debtor filed articles of organization for Casa. The principal place of business for Casa is the Florissant Property address. Debtor was the registered agent for Casa until May 21, 2012, when Ms. Bowers was named as the registered agent for Casa.

24. According to records from the Colorado Secretary of State, on February 29, 2016, Ms. Bowers filed articles of organization for RSB. The principal place of business for RSB is the Florissant Property address.

25. According to records from the Colorado Secretary of State, on October 23, 2012, Joshua Bowers filed articles of organization for WCE. The registered agent for WCE was Ms. Bowers until October 5, 2015, when Jason Bowers was named as registered agent for WCE. The principal business address for WCE was the Florissant Property address until June 12, 2017 when the principal address was changed to 15700 E. Jamison Drive, #7304, Englewood, CO 80112.

## REQUESTED RELIEF

26. To investigate the assets and financial transactions of Debtor, Trustee seeks authority pursuant to Fed. R. Bankr. P. 2004 to obtain documents and, if Trustee determines necessary, testimony from the following:

   a. Debtor
   b. Ms. Bowers
   c. Skyline Graphic Services LLC
   d. Auxiliary Graphic Equipment Inc.
   e. JEB Holdings, LLC
   f. Hall Contracting Services, Inc.
   g. Western Colorado Energy LLC
   h. Casa del Toro Cattle Company, LLC
   i. RSB Holdings, LLC
   j. Jason Bowers
   k. Joshua Bowers
   l. Samantha Bowers

27. Under Fed. R. Bankr. P. 2004(b), the Court may order the examination of any entity regarding the acts, conduct, or property, or to the liabilities and financial condition of Debtor or to any matter which may affect the administration of the estate. Trustee desires to obtain discovery from the persons and entities identified above related to the matters described herein and any other matters affecting the administration of Debtor's bankruptcy estate. The discovery may include but not be limited to the taking of depositions and requesting the production of documents. Such discovery is necessary to enable Trustee to properly administer Debtor's estate.

**WHEREFORE**, Trustee requests that this Court enter an Order authorizing him to obtain discovery from and conduct examinations of the entities and individuals described above, and for such other and further relief as the Court deems just and proper.

Dated: October 23, 2017								Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON, LLC**

*s/ J. Brian Fletcher*
J. Brian Fletcher, #28629
Gabrielle G. Palmer, #48948
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
jbfletcher@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Daniel A. Hepner as Chapter 7 Trustee*

### CERTIFICATE OF MAILING

I hereby certify that on October 23, 2017, a copy of the forgoing was served by placing it in the United States mail, postage prepaid, to the following:

| | | |
|---|---|---|
| Sean Cloyes | US Trustee | Daniel A. Hepner |
| 1159 Delaware St. | Byron G. Rogers Federal Bldg. | 950 Spruce St. |
| Denver, CO 80204 | 1961 Stout St. | Suite #1C |
| | Suite 12-200 | Louisville, CO 80027 |
| | Denver, CO 80294-1961 | |
| David W. Drake | Harvey L. Kramer | |
| 216 16th St. | 4101 E. Louisiana Ave. | |
| Suite 1210 | Suite 501 | |
| Denver, CO 80202 | Denver, CO 80246 | |

*s/ Barbara A. Moss*
Barbara A. Moss