# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| ROBERT JOSEPH BOWERS | ) | Case No.: 17-15526 CDP |
| | ) | |
| Debtor. | ) | |

## MOTION TO PARTIALLY AVOID JUDICIAL LIEN

COME NOW the Debtor, Robert Bowers, by and through her attorneys, Berken Cloyes PC, and hereby submits this Motion to Avoid Judicial Lien, and as grounds thereof, states as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 14, 2017.

2. Pursuant to 28 U.S.C. §1334, this Court has jurisdiction over this motion. This motion is filed pursuant to 11 U.S.C. §522(f) to avoid and cancel a judicial lien encumbering the residential real property of Debtors, located at 1501 Stover Street, Ft. Collins, CO 80524, in Larimer County, Colorado ("Property"). Said judicial lien is held by the following creditor:

| Creditor | Amount of Claim | Date Recorded | Reception Number |
|---|---|---|---|
| Bank of the West | $304,829.48 | 1/20/2017 | 217007798 |

3. Pursuant to 11 U.S.C. §522(d)(1), and C.R.S. §13-54-107, C.R.S. 38-41-201 and C.R.S. 38-41-202, the Movants have claimed such residential property as exempt, and have no equity in excess of the consensual liens and their homestead exemption.

4. Said claim is a judicial lien within the purview of 11 U.S.C. § 522(f)(1) and impairs Debtor's aforesaid exemptions within the meaning of 11 U.S.C. § 522(f). As listed in the Chapter 7 Schedules, the value of Debtor's interest in his primary residence at the time of the filing is/was approximately $275,000.00, based upon comparable values in the neighborhood. Consensual liens encumbering the subject property include a first mortgage of $95,401.00, owed to Bank of America, and a Home Equity Line of Credit in second position of approximately $52,820.00, owed to Bank of America (Bank of America statements attached hereto as exhibits, respectively).

5. That accordingly, said judicial lien impairs the Debtor's exemption inasmuch as the sum of the consensual and judicial liens, as well as the exemption amount allowed per the relevant Colorado statutes set forth above, exceed the value that

the Debtors' interest would have been but for the existence of the lien. The subject real estate is valued at $275,000.00. The consensual liens total $148,221.00, leaving $126,779.00. Debtor claimed a $105,000 homestead exemption, for which no objection was filed. As such, there is approximately $21,779.00 of non-exempt equity for the above judgment lien to attach.

WHEREFORE, Debtor/Movant respectfully requests that this Court issue an order against the aforementioned Creditor, avoiding and canceling the exempt portion of the judicial lien recorded against the above-mentioned property, and for other and further relief as this Court may deem to be just and proper.

Dated: June 26, 2019  By: */s/ Sean Cloyes*
Sean Cloyes, 33381
Berken Cloyes PC
1159 Delaware Street
Denver, Colorado 80204
(303) 623-4357
sean@berkencloyes.com