# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-15526-CDP |
| ROBERT JOSEPH BOWERS, ) | |
| SSN: XXX-XX-5265 ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

### APPLICATION FOR AUTHORITY TO: (I) EMPLOY LONE PINE APPRAISALS, INC., AS APPRAISER AND EXPERT WITNESS; AND (II) PAY FLAT FEE UPON COMPLETION OF APPRAISAL

Daniel A. Hepner, as the appointed chapter 7 trustee ("Trustee") of the bankruptcy estate of Robert Joseph Bowers ("Debtor"), by his counsel, ONSAGER | FLETCHER | JOHNSON, hereby files his Application for Authority to: (i) Employ Lone Pine Appraisals, Inc., as Appraiser and Expert Witness; and (ii) Pay Flat Fee Upon Completion of Appraisal (this "Motion"), and in support, states as follows:

### INTRODUCTION

1. Pursuant to this Motion, Trustee seeks authorization to employ Lone Pine Appraisals, Inc. ("LPA"), as (i) appraiser for the estate; and (ii) an expert witness in the lawsuit captioned as *Hepner v. Judith E. Bowers and Casa Del Toro Cattle Company, LLC,* Case No. 2016CV30090, pending in Teller County, Colorado, District Court (the "Teller County Lawsuit").

### BACKGROUND

2. On June 14, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code.

3. Trustee is the duly appointed chapter 7 trustee of Debtor's bankruptcy estate.

4. Judith E. Bowers ("Ms. Bowers") is Debtor's alleged ex-spouse.

5. Prior to the Petition Date, on July 20, 2011, BDG International, Inc. ("BDG"), obtained a judgment against Debtor and Auxiliary Graphic Equipment, Inc. ("AGE"), in the amount of $214,187.11 (the "BDG Judgment"). The BDG Judgment was entered by the El Paso County District Court in Case No. 10CV-001704. BDG recorded a transcript of the BDG Judgment with the Teller County Clerk and Recorder on October 25, 2013.

6. Also prior to the Petition Date, on November 16, 2016, BDG commenced the Teller County Lawsuit in Teller County, Colorado, District Court (the "Teller Court"), by filing its complaint and naming, Ms. Bowers, as defendant.

7. In the Teller County Lawsuit, BDG, asserted, *inter alia,* fraudulent transfer claims against Ms. Bowers, including a claim related to Debtor's transfer of his one-half interest in the real property located at 1439 Road 111, Florissant, Colorado (the "Florissant Property") to Ms. Bowers via quitclaim deed executed on March 10, 2013, and recorded on March 18, 2013 (the "Transfer").

8. On March 18, 2019, Trustee filed his Motion to Substitute as Plaintiff (the "Substitution Motion"), in the Teller County Lawsuit requesting to be substituted as the real party in interest for BDG. On April 10, 2019, the Teller Court granted the Substitution Motion and Trustee was substituted as plaintiff in Teller County Lawsuit.

9. On June 13, 2019, Trustee filed his Motion to Amend Complaint (the "Motion to Amend"), in the Teller County Lawsuit pursuant to which Trustee requested authority to file a "Second Amended Complaint" in the Teller County Lawsuit. The Teller Court granted the Motion to Amend on July 3, 2019.

10. In the Second Amended Complaint, Trustee asserts claims against two parties: Ms. Bowers and Casa Del Toro Cattle Company LLC ("Casa"), including claims for fraudulent transfer of the Florissant Property from Debtor to Ms. Bowers pursuant to Colo. Rev. Stat. §§ 38-8-105(1)(a), 38-8-105(1)(b), 38-8-106(1) and claims for fraudulent transfer of the Florissant Property from Ms. Bowers to Casa pursuant to Colo. Rev. Stat. § 38-8-105(1)(a). In addition, Trustee asserts alter ego, constructive trust, resulting trust and declaratory judgment claims.

11. On January 6, 2020, the Teller Court issued its Case Management Order (the "CMO"). Under the CMO, the deadline for Trustee to provide an expert report pursuant to Colo. R. Civ. P. 26(a)(2)(C)(I) is April 15, 2020. Further, under the CMO, the Teller County Lawsuit is set for a four-day trial to commence on August 18, 2020.

## **RELIEF REQUESTED**

12. One issue in the Teller County Lawsuit is the value of the Florissant Property as of the date of the Transfer. By this Motion, Trustee requests authority to employ Lone Pine Appraisals, Inc. ("LPA"), to appraise and value the Florissant Property as of the date of the Transfer. Wayne Grizzell ("Grizzell and together with LPA "Lone Pine") will be the appraiser primarily responsible for the appraisal. In addition, Trustee seeks authority to employ Lone Pine and specifically Grizzell as an expert for purposes of the Teller County Lawsuit pursuant to Colo. R. Civ. P. 26(a)(2)B)(1), and, if requested by Trustee, provide testimony pursuant to Colo. R. Evid. 702 and 703 as to the value of the Florissant Property.

13. Lone Pine is an experienced appraiser in the Florissant, Colorado area. Trustee believes that Lone Pine will be able to perform an accurate review and appraisal of the Florissant Property.

14. Lone Pine has agreed to a flat fee of $1,950 to complete an appraisal report for the Florissant Property, and to $150 - $200 per hour for any necessary work as an expert witness.

15. Trustee requests that the Court approve the payment of the flat fee of $1,950.00 upon completion of the appraisal. As there is no money in the bankruptcy estate, Trustee and OFJ have agreed to jointly advance the flat fee and include the costs as an expense in the Trustee's and OFJ's respective fee applications.

16. Trustee proposes to pay Lone Pine for services rendered as an expert at Grizzell's hourly rates: (i) $150/hour for preparation time (pre-deposition or pre-trial); and (ii) $200/hour for deposition/trial time. In addition, Lone Pine charges $100/hour for travel time.

17. Lone Pine understands that it will not be paid for any additional expert work from the assets of the estate absent approval by this Court.

18. Trustee is informed and believes that the rates charged by Lone Pine are the customary and standard rates charged by other appraisers in the Florissant, Colorado, area for similar services when such appraisal is related to potential litigation. Lone Pine acknowledges and understands that all fees and expenses of Lone Pine for services rendered as an expert are subject to review by this Court in accordance with the provisions of the Bankruptcy Code. Lone Pine further advises that its fees and expenses will be set forth on invoices prepared in accordance with the guidelines of the United States Trustee.

19. As set forth in the Verified Statement of Wayne Grizzell in Support of Application to Employ Lone Pine Appraisals, Inc., as Appraiser and for Authority to Pay Flat Fee Upon Completion of Appraisal, attached hereto as **Exhibit A**, Grizzell believes Lone Pine is a "disinterested person" under 11 U.S.C. §§ 101 and 327.

20. Lone Pine is unaware of any connections with Debtor, the creditors, or their respective attorneys, accountants, the U.S. Trustee, or any person employed by the U.S. Trustee, or any other party in interest, and does not hold or represent any interest adverse to the estate.

**WHEREFORE**, Trustee requests that this Court enter an order authorizing Trustee to employ Lone Pine as an appraiser to value the Florissant Property and as an expert in the Teller County Lawsuit, authorizing payment to Lone Pine of a flat fee in the amount of $1,950.00 upon completion of an appraisal, and granting such further relief as the Court deems proper.

//

Dated: February 24, 2020                Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON LLC**

<u>*s/ J. Brian Fletcher*</u>
J. Brian Fletcher, #28629
Gabrielle G. Palmer, #48948
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
jbfletcher@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Daniel A. Hepner as Chapter 7 Trustee*